Thomas Arthur GARRIGAN, Plaintiff,

v.

Robert F. GIESE et al., Defendants.

No. 76–62C (A).

United States District Court,
E. D. Missouri, E. D.

July 27, 1976.

Thomas Arthur Garrigan, pro se.

Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for defendants.

## MEMORANDUM OPINION

HARPER, Senior District Judge.

Plaintiff, Thomas Arthur Garrigan, pro se, brings this action against defendants, Robert F. Giese, Mrs. M. S. Lingafelter, Edward D. Hanlon, C. E. Davis, Howard W. Wilson, BG George M. Bush, et al., seeking damages for an alleged conspiracy to wrongfully bring about a reduction in force, which reduced plaintiff in his civil service grade from GS–9 to GS–5. While the named defendants in the above caption includes the phrase "et al.", the only parties against whom the plaintiff sought to obtain service were the above named defendants.

On February 3, 1976, the U. S. District Attorney on behalf of the defendants, Edward D. Hanlon and Howard W. Wilson, filed a motion to dismiss, which said motion sets forth five separate grounds for dismissal.

Thereafter, on June 4, 1976, the U. S. District Attorney on behalf of defendants, Robert F. Giese, Mrs. M. S. Lingafelter, C. E. Davis and BG George M. Bush, filed a motion adopting the motion to dismiss filed on March 30, 1976, by Edward D. Hanlon and Howard W. Wilson.

The Court on July 15, 1976, ordered that the motion to dismiss be treated as a motion for summary judgment, and granted plaintiff ten days from receipt of notice of the order to file extra-pleading material in opposition to the motion. The plaintiff's only response to the Court's order was to file on July 21, 1976, a motion to deny or dismiss defendants' motion for summary judgment. No exhibits or affidavits were filed with said motion. While other motions have been filed by the defendants, the Court will not rule on such motions in view of the Court's ruling on the motion for summary judgment.

The motion to dismiss being treated as a motion for summary judgment sets forth five grounds for dismissal, the first of which raises the question of res judicata and the doctrine of estoppel by judgment which, defendants contend, precludes plaintiff from asserting the claim in his complaint. In view of the Court's ruling with respect to this matter the Court will not pass upon the other alleged grounds set out as reasons for dismissal. In this connection, however, it should be pointed out that the fifth ground attacks the jurisdiction of the Court, alleging that the controversy is not between citizens of different states, but there is no evidence or affidavits before the Court at this time which would enable it to do other than overrule this ground of the motion.

The defendants contend that plaintiff's action is barred by the doctrine of res judicata or by estoppel by judgment because it is the third such suit brought upon the same claim. The material facts are not in dispute. An examination of Exhibit A which is attached to the defendants' motion discloses that plaintiff had filed a petition in the United States Court of Claims on November 30, 1973, wherein Garrigan was the plaintiff and the United States was the defendant, Cause No. 454–73. In that action, plaintiff had also alleged wrongful Reduction-in-Force action which reduced him in his Civil Service Grade from GS–9 to GS–5. Jurisdiction of that court was predicated upon 18 USC 1491.

In response to defendant's motion for summary judgment, the Court of Claims noted that the Civil Service Commission (hereinafter referred to as the CSC) had previously examined plaintiff's grievance at the request of the Department of Army and by plaintiff's consent. The CSC had found that plaintiff was not qualified for the posi-

tion which he now claims and which he says was held by others with lower retention rights. In their decision, the Court of Claims held that plaintiff had failed to overcome the presumption that the CSC's action was correct. They also noted that after a hearing and after the CSC's determination, the Army Material Command had also denied plaintiff's request. Therefore, upon finding no legal or procedural error, or evidence of arbitrary or capricious action or abuse of discretion by either the Army or the CSC, the Court of Claims granted defendant's motion for summary judgment. (See Exhibit B attached to defendants' motion.) By an order dated October 10, 1975, the Court denied plaintiff's motion for a rehearing. (See Exhibit C attached to defendants' motion.)

On March 21, 1975, while the Court of Claims decision was pending in the above action, Garrigan filed a second suit, in the District Court for the Eastern District of Missouri, styled *Garrigan v. United States*, Cause No. 75–276C(4). (See Exhibit D attached to defendants' motion), which was based upon the same claim. There, too, Garrigan sought money damages for the same allegedly unlawful Reduction-in-Force action. The defendant filed a motion to dismiss and based it upon the fact that claims in both lawsuits were identical. On July 22, 1975, Judge Nangle ordered that defendant's motion be treated as a motion for summary judgment pursuant to Rules 12(b)(6) and 56, FRCP, and gave the plaintiff ten days within which to file extra-pleading material (See Exhibit E attached to defendants' motion). Plaintiff failed to file any extra-pleading material. Thereafter, on August 28, 1975, after having considered the pleadings and extra-pleadings material filed, Judge Nangle was of the opinion that there was no genuine issue of material fact and he granted the defendant's motion for summary judgment against plaintiff (See Exhibit F attached to defendants' motion). This Court takes judicial notice of the fact that Garrigan did not appeal Judge Nangle's order of August 28, 1975.

As the defendants point out, there are only three distinctions worth noting between Garrigan's present petition and his two previous ones: (1) In lieu of the United States, plaintiff names as defendants certain employees of the Army who participated in his administrative appeal of the Reduction-in-Force action; (2) Plaintiff's present petition alleges a conspiracy between those Army employees who brought about his allegedly unlawful Reduction-in-Force; and (3) Jurisdiction is now based upon diversity of citizenship.

These three distinctions present the question of whether the doctrine of res judicata or estoppel by judgment may serve to bar plaintiff's action here. In *C. I. R. v. Sunnen*, 333 U.S. 591, 597, 68 S.Ct. 715, 719, 92 L.Ed. 898 (1947), the Supreme Court discussed, generally, the doctrine of res judicata:

> "The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose.' (Citation omitted). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment (Citation omitted)."

Application of the above rule would serve to preclude Garrigan from relitigating the same cause of action against privies of the United States. Here, however, Garrigan has brought a different action sounding in tort, specifically a conspiracy. It is the different nature of the second cause of action which raises the question of doctrine of

estoppel by judgment. The distinction between estoppel by judgment or collateral estoppel and res judicata was described in *Lawlor v. National Screen Service Corp.*, 349 U.S. 322, 326, 75 S.Ct. 865, 867, 99 L.Ed. 1122 (1955), wherein the Supreme Court stated:

"The basic distinction between the doctrines of res judicata and collateral estoppel, as those terms are used in this case, has frequently been emphasized. Thus, under the doctrine of res judicata, a judgment 'on the merits' in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, such a judgment precludes relitigation of issues actually litigated and determined in the prior suit, regardless of whether it was based on the same cause of action as the second suit. (Footnote omitted.)"

Under the above distinction between the doctrines of res judicata and collateral estoppel, it would appear that where a plaintiff has alleged a different cause of action against privies of the defendant from an earlier suit and bases it upon questions common to both suits, as was done here, the doctrine of collateral estoppel would preclude the same. In *Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840, 844 (3rd Cir. 1974), the Court said:

"It is commonly recognized that the following three requirements must be satisfied before collateral estoppel may be utilized:

"a) The issue decided in the prior litigation must be identical with the issue presented in the action in question;

"b) The prior litigation must have resulted in a final judgment on the merits; and

"c) The party against whom the estoppel is asserted must have been a party, or in privity with a party, to the prior adjudication. (Citations omitted.)

Classical estoppel doctrine appended a fourth element, a requirement of mutuality. This element mandates that the party asserting the estoppel also be a party, or in privity with a party, to the prior adjudication. *See* Restatement of Judgments, § 93 (1942)."

A comparison of the pleadings in both the past and present cases indicates that all of the above requirements have been met here. With respect to the first question, the Court notes that the principal issue in each of Garrigan's suits has been the same, i. e., whether his reduction in grade was improper, arbitrary, capricious or an abuse of discretion on the part of either the Army or CSC. The Court of Claims' determination on the latter question effectually bars the plaintiff from relitigating it, regardless of plaintiff's new allegation that a conspiracy existed, because both actions are premised upon common questions and common facts. An "unlawful" objective cannot be pursued by conspirators where that objective and the pursuit of that objective have already been determined to be "lawful".

Second, the prior determinations made by both the Court of Claims and Judge Nangle constitute final judgments on the merits. A determination by summary judgment is as final a judgment as is a determination had after a trial or hearing on uncontroverted facts. *Keys v. Sawyer*, 353 F.Supp. 936 (S.D.Texas 1973).

Obviously the third requirement has been met because Garrigan, the party against whom the estoppel is being asserted, is the named plaintiff in each of the three suits in question.

Finally, even the fourth requirement of mutuality has been met here. The individual defendants, who are the parties asserting the estoppel in the case at bar, are the same Army employees who are either named in the Court of Claims petition or are, by their relationship to the Mobility Equipment Command, a part of the record in that case (See Exhibit G attached to defendants' motion). According also to their relationship to the circumstances surrounding the Reduction-in-Force action, it is obvious, under the above-cited cases, that the present defendants are privies of the previous defendant, the United States.

**72**

The Court is of the opinion that there is no genuine issue of material fact and that defendants are entitled to judgment as a matter of law under Rule 56, FRCP.

Having found that plaintiff is barred from bringing this action by the doctrines of res judicata and estoppel by judgment, it becomes unnecessary to decide the remaining contentions of the defendants. Accordingly, for the above reasons, the motion of the defendants, Robert F. Giese, Mrs. M. S. Lingafelter, Edward D. Hanlon, C. E. Davis, Howard W. Wilson and BG George M. Bush, to dismiss plaintiff's complaint, which is being treated as a motion for summary judgment, is hereby sustained, and both Counts I and II of plaintiff's complaint are hereby dismissed with prejudice.

The Clerk of the Court is directed to prepare and enter the proper order to that effect.