**Thomas Arthur GARRIGAN, Appellant,**

v.

**Robert F. GIESE et al., Appellees.**

**No. 76–1664.**

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 10, 1977.

Decided Feb. 24, 1977.

Rehearing Denied March 15, 1977.

Thomas A. Garrigan, pro se.

Barry A. Short, U. S. Atty. and Wesley D. Wedemeyer, Asst. U. S. Atty., St. Louis, Mo., for appellees.

Before LAY, BRIGHT and WEBSTER, Circuit Judges.

PER CURIAM.

This is an appeal from the order of the District Court[1] dismissing appellant's complaint and granting summary judgment in favor of appellees. The basis of appellant's complaint was a reduction in force that resulted in a lowering of his civil service grade from GS–9 to GS–5 during the period from July 6, 1970, to June 18, 1972. Appellant alleged that appellees conspired against him in devising the reduction in force. Jurisdiction was predicated upon diversity of citizenship, 28 U.S.C. § 1332. Appellant sought actual damages in the amount of $5,000 and $50,000 in punitive damages.

The District Court in a well-reasoned opinion held that appellant was barred from bringing this action by the doctrines of res judicata and estoppel by judgment.

The present action constitutes the third suit brought by appellant concerning his grade reduction. In November, 1973, he brought suit against the United States in the Court of Claims, alleging wrongful reduction-in-force action. Jurisdiction was based on 28 U.S.C. § 1491. The Court of Claims noted that the Civil Service Commission had previously examined appellant's grievance and had found he was not qualified for the position he claimed. The court held he had failed to overcome the presumption that the Commission's action was correct. It granted the government's motion for summary judgment and denied appellant's motion for a rehearing.

In March, 1975, while the Court of Claims decision was still pending, appellant filed a second suit against the United States on the same claim in the District Court for the Eastern District of Missouri. The District Court granted the government's motion for summary judgment and dismissed appellant's petition with prejudice. No appeal was taken from that order.

Then, in July, 1976, he brought the instant action, also in the District Court for the Eastern District of Missouri, this time naming as defendants certain Army employees who participated in his administrative appeal of the reduction-in-force action. He based his jurisdiction on diversity of citizenship and alleged the existence of a conspiracy. The District Court concluded that all the requirements for application of res judicata and estoppel by judgment were met; it granted appellees' motion to dismiss and awarded judgment in their favor. After full consideration of the issues presented and the briefs of the parties, we affirm on the basis of Judge Harper's opinion.[2]

---

1. The Honorable Roy W. Harper, United States District Court for the Eastern District of Missouri.

2. Judge Harper's opinion is published at 420 F.Supp. 68.

The District Court concluded that appellees are privies of the United States, the defendant in appellant's prior suits, and that the mutuality required by classical estoppel doctrine thus existed. This finding is not necessary to the result reached by the District Court, *see Blon-*

---

der-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971); *Scooper Dooper, Inc. v. Kraftco Corp.*, 494 F.2d 840, 844 (3d Cir. 1974); *Cardillo v. Zyla*, 486 F.2d 473, 475 (1st Cir. 1973); *Rachal v. Hill*, 435 F.2d 59, 61–62 (5th Cir. 1970), *cert. denied*, 403 U.S. 904, 91 S.Ct. 2203, 29 L.Ed.2d 680 (1971); *Zdanok v. Glidden Co.*, 327 F.2d 944, 954–55 (2d Cir.), *cert. denied*, 377 U.S. 934, 84 S.Ct. 1338, 12 L.Ed.2d 298 (1964); and we express no opinion on the correctness of this finding.