Theodis BROWN, Appellant,

v.

ST. LOUIS POLICE DEPARTMENT OF the CITY OF ST. LOUIS, et al., Appellees.

No. 82–1280.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1982.

Decided Oct. 20, 1982.

Rehearing Denied Dec. 28, 1982.

**394**

Joseph R. Niemann, City Counselor, Judith A. Ronzio, Associate City Counselor, St. Louis, Mo., for defendants, St. Louis Police Dept. of the City of St. Louis, et al.

Theodis Brown, pro se.

Before ARNOLD, Circuit Judge, STEPHENSON, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

ARNOLD, Circuit Judge.

Theodis Brown appeals the dismissal of his complaint, which challenged his termination from employment and asked that he be reinstated to his former position as a police officer. The District Court[1] held that Brown's suit was barred by the three-year statute of limitations set forth in Mo. Ann.Stat. § 516.130 (Vernon 1982). We do not decide whether Mo.Ann.Stat. § 516.130 or a more liberal statute of limitations is applicable, see *Garmon v. Foust,* 668 F.2d 400 (8th Cir.) (en banc), *cert. denied,* —— U.S. ——, 102 S.Ct. 2283, 73 L.Ed.2d 1294 (1982), because the principles of *res judicata* prevent Brown from bringing this suit in any event. We affirm on that ground.

Theodis Brown, a black citizen, was a City of St. Louis police officer for approximately seven years until his discharge on

1. The Hon. John F. Nangle, United States District Judge for the Eastern District of Missouri.

October 20, 1976, on four charges of departmental rules violations. The Board of Police Commissioners of the City of St. Louis ordered this dismissal. Brown unsuccessfully challenged this decision in the Circuit Court of the City of St. Louis, attacking the sufficiency of the evidence to support the finding on each of the charges. He appealed to the Missouri Court of Appeals. It reversed the judgment of the trial court on one of the charges but affirmed on the remaining three and upheld the dismissal. *Brown v. McNeal,* 586 S.W.2d 359, 362 (Mo. App.1979). Application to transfer the cause to the Missouri Supreme Court was denied. Brown then filed a complaint in the District Court, again challenging his termination from employment but this time contending that he was discharged on the basis of race in violation of 42 U.S.C. §§ 1981, 1983, and 1985 and the Fifth and Fourteenth Amendments. The District Court dismissed the suit on the ground of limitations.

▰ Title 28 U.S.C. § 1738 provides in part:

> The ... judicial proceedings of any court of any State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State ....

Federal courts, therefore, must give *res judicata* effect to state-court judgments whenever the courts of the state from which the judgment emerged would do so. *Kremer v. Chemical Construction Corp.,* — U.S. ——, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 416, 66 L.Ed.2d 308 (1980); *Edwards v. Arkansas Power & Light Co.,* 683 F.2d 1149, 1157 (8th Cir. 1982) (Arnold, J., concurring). This rule promotes comity between state and federal courts, *Kremer, supra,* 102 S.Ct. at 1896, and eliminates the uncertainty, confusion, and delay that accompany relitigation of the same cause of action. See *Underwriters National Assurance Co. v. North Carolina Life & Accident & Health Insurance Guaranty Ass'n,* 455 U.S. 691, 102 S.Ct.

1357, 1365, 71 L.Ed.2d 558 (1982). The state proceedings must of course satisfy the requirements of the federal Constitution, including the Fourteenth Amendment's Due Process Clause. A state may not grant preclusive effect in its own courts to a constitutionally infirm judgment, and federal courts may not accord full faith and credit to such a judgment.

This interpretation of 28 U.S.C. § 1738 is in no way inconsistent with our analysis in *Roach v. Teamsters Local Union No. 688,* 595 F.2d 446 (8th Cir. 1979). There, plaintiffs attempted to relitigate in federal court a cause of action, arising under federal law, that they had already litigated in another *federal* court. In that setting we noted that federal courts should apply federal principles of *res judicata* and are not bound by state law. *Id.* at 448 n.3. The Supreme Court has expressly distinguished between causes of action previously litigated in a state court and those formerly tried in a federal court.

> [T]hough the federal courts may look to the common law or to the policies supporting res judicata and collateral estoppel in assessing the preclusive effect of decisions of other federal courts[,] Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.

*Kremer, supra,* 102 S.Ct. at 1898, quoting *McCurry, supra,* 449 U.S. at 96, 101 S.Ct. at 416.

▰ The State of Missouri recognizes two types of *res judicata.* The first is "traditional" *res judicata,* or claim preclusion. It prohibits the same party from relitigating the same cause of action. The second is collateral estoppel, or issue preclusion. It bars the same parties from relitigating issues which have been previously adjudicated. *Oates v. Safeco Insurance Co. of America,* 583 S.W.2d 713, 719 (Mo.1979) (en banc). For "traditional" *res judicata* to apply in Missouri the following must be present: (a) identity of the thing sued for; (b) identity of the cause of action; (c) iden-

tity of the persons or parties to the action; and (d) identity of the quality of the person for or against whom a claim is made.[2] *Peoples-Home Life Ins. Co. v. Haake,* 604 S.W.2d 1, 7 (Mo.App.1980).

■ Under 28 U.S.C. § 1738 and the principles of *res judicata,* it is clear that we must dismiss plaintiff's suit. The parties in both the federal and state proceedings are Brown and the Board of Commissioners of the Police Department. Brown is not suing for something new in federal court but, as in the state court, he challenges his dismissal from the police force and seeks reinstatement. In both cases the central question is why Brown was dismissed. Brown did raise a new issue before the District Court. He alleged that he was discriminatorily dismissed from employment in violation of 42 U.S.C. §§ 1981, 1983, and 1985, and the Fifth and Fourteenth Amendments. This issue could and should have been raised in the state proceedings under Mo.Ann.Stat. § 84.040 (Vernon 1982).[3] It was not. *Res judicata* bars a litigant who fails to recover on his initial theory, from relitigating the same claim under a different theory of recovery. The term "cause of action" has not been given a technical construction by the courts of Missouri. *Cf. Vorbeck v. Whaley,* 620 F.2d 191 (8th Cir. 1980) (per curiam) (police officer's federal suit under 42 U.S.C. § 1983 barred by adverse judgment in prior Missouri state-court suit in which federal constitutional and other claims were dismissed, but § 1983 was not relied on).

■ The District Court did not address the *res judicata* issue. We may, however, affirm on any ground supported by the record even if the issue was not pleaded, tried, or otherwise referred to in the proceedings below. See *Blum v. Bacon,* —— U.S. ——, 102 S.Ct. 2355, 2359 n.5, 72 L.Ed.2d 728 (1982); *Bondholders Comm. v. Commissioner,* 315 U.S. 189, 192 n.2, 62 S.Ct. 537, 539 n.2, 86 L.Ed. 784 (1942); *Helvering v. Gowran,* 302 U.S. 238, 245, 58 S.Ct. 154, 157, 82 L.Ed. 224 (1937). This rule has been explicitly stated by this Court *Zirinsky v. Sheehan,* 413 F.2d 481, 484 n.5 (8th Cir. 1969), *cert. denied,* 396 U.S. 1059, 90 S.Ct. 754, 24 L.Ed.2d 753 (1970) (affirming on collateral-estoppel grounds, which had not been raised below), and we have applied it even when not expressly so stating. *Monahan v. Nebraska,* 687 F.2d 1164 (8th Cir. 1982).

There are situations when we might not affirm on an available theory not addressed by the court below. For example, in *Occhino v. United States,* 686 F.2d 1302 (8th Cir. 1982), we found that it would be fundamentally unfair for us to affirm on collateral-estoppel grounds not raised below, because the court-appointed attorney for the appellant had been directed to restrict his argument to particular issues, not including that of collateral estoppel. No such special circumstances exist in this case. Although the District Court did not address the *res judicata* issue, Brown has been fully aware that it is an issue in this case. The defendant raised this issue before the District Court in its motion to dismiss and presses it in its

**2.** The Restatement (Second) of Judgments looks to whether the claims arise from the same transaction.

> What factual grouping constitutes a "transaction," and what groupings constitute a "series," are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.

Restatement (Second) of Judgments § 24(2) (1982). Brown's actions in state and federal court clearly emerged from the same transaction, and he would be barred under the rule

espoused by the Restatement, to which we could look if it were necessary to fashion a rule of federal law in this case.

**3.** The said [police] commissioners shall ... take ... the further oath or affidavit that ... they will in no case and under no pretext appoint or remove any policeman or officer of police, or other person under them, on account of the political opinions of such police officer or other person, *or for any other cause or reason that* [sic] *the fitness or unfitness of such a person,* in the best judgment of such commissioners, for the place for which he shall be appointed, or from the place from which he shall be removed. (Emphasis supplied.)

brief on appeal. Nor does the question turn on an issue of fact that is inappropriate for appellate consideration. It is fully appropriate for us to affirm on *res judicata* grounds, and we do so.

Affirmed.