**BORG–WARNER ACCEPTANCE CORP.,**
a Delaware Corporation,[1] Plaintiff,

v.

**LOVETT & THARPE, INC., a Georgia
Corporation, Defendant.**

Civ. A. No. CV382–60.

United States District Court,
S.D. Georgia,
Dublin Division.

April 15, 1983.

Michael L. Wetzel, Gurley & Fowler, P.C., Atlanta, Ga., for plaintiff.

H. Dale Thompson, Dublin, Ga., for defendant.

**ORDER**

BOWEN, District Judge.

This is a diversity action in which the plaintiff seeks to domesticate a judgment entered by the Circuit Court of Jackson County, Missouri, on September 27, 1982. Plaintiff has moved for summary judgment alleging that this matter presents no material issues of fact and that it is entitled to judgment as a matter of law. The defendant opposes the plaintiff's motion by arguing that the Missouri Court entered judgment without personal jurisdiction over the defendant because the defendant never transacted any business in the State of Missouri.

Title 28 U.S.C. § 1738 provides in pertinent part that

> [t]he ... judicial proceedings of any court of any ... State ... shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the court's of such State, Territory or Possession from which they are taken.

"Federal courts, therefore, must give *res judicata* effect to state court judgments whenever the courts of the state from which the judgment emerged would do so." *Brown v. St. Louis Police Dept.,* 691 F.2d 393 (8th Cir.1982); *see Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 482, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262 (1982); *Allen v. McCurry,* 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980). The preclusive effect that federal courts must afford state court determinations extends to issues

---

1. Plaintiff's original complaint referred to the plaintiff as an Illinois corporation. The plaintiff has filed a motion to amend its complaint to reflect properly the fact that it is a Delaware corporation. The plaintiff's motion is hereby GRANTED.

of jurisdiction as well as to other questions. *Underwriters National Assurance Co. v. North Carolina Life and Accident and Health Insurance Guaranty Ass'n,* 455 U.S. 691, 102 S.Ct. 1357, 1366, 71 L.Ed.2d 558 (1982). The Supreme Court has long recognized that "a judgment is entitled to full faith and credit—even as to questions of jurisdiction—when ... those questions have been fully and fairly litigated and finally decided in the court which rendered the original judgment." *Durfee v. Duke,* 375 U.S. 106, 111, 84 S.Ct. 242, 245, 11 L.Ed.2d 186 (1963). In this regard it must be noted that "[a] party cannot escape the requirements of full faith and credit and *res judicata* by asserting its own failure to raise matters clearly within the scope of a prior proceeding." *Underwriters National Assurance Co. v. North Carolina Life and Accident and Health Insurance Guaranty Ass'n,* 455 U.S. 691, 102 S.Ct. 1357, 1368, 71 L.Ed.2d 558 (1982).

In this case, the Circuit Court of Jackson County, Missouri, explicitly found that it had personal and subject matter jurisdiction over this matter. The court noted that "although defendant was properly served in Georgia with Summons and a copy of the [plaintiff's] Petition ... defendant ... neither answered nor appeared." In light of the evidence presented at a hearing on August 25, 1982, the Court further found that the "Defendant [had] transacted business and contracted with the State of Missouri sufficient to subject it to the jurisdiction of th[e] Court."

After due consideration, I conclude that the "applicable requirements of the Due Process Clause[,]" *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 482, 102 S.Ct. 1883, 1898, 72 L.Ed.2d 262 (1982), have been satisfied by the proceedings in the Circuit Court of Jackson County, Missouri, and that there is no doubt that the Courts of Missouri would give that court's judgment preclusive effect. *Brown v. St. Louis Police Dept.,* 691 F.2d 393 (8th Cir.1982).

**2.** The plaintiff has filed a motion to amend its complaint so as to assert a claim for the expense of litigation, including attorney's fees,

The defendant was properly notified of the pendency of the Missouri action and was thus afforded a full and fair opportunity to litigate the issue of personal jurisdiction in the Circuit Court of Jackson County, Missouri. "[T]here is nothing in the concept of due process which demands that a defendant be afforded a second opportunity to litigate the existence of jurisdictional facts." *Sherrer v. Sherrer,* 334 U.S. 343, 348, 68 S.Ct. 1087, 1089, 92 L.Ed. 1429 (1948); *see Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 483, 102 S.Ct. 1883, 1898 n. 24, 72 L.Ed.2d 262 (1982).

Accordingly, plaintiff's motion for summary judgment is hereby GRANTED. Judgment shall be entered on behalf of the plaintiff in the sum of $69,247.46 together with interest and costs.[2]

pursuant to Official Code of Ga.Ann. § 13–6–11 (Michie 1982). The plaintiff's motion is hereby DENIED.