Albert LOWE, III and Alicia Lowe, Plaintiffs,

v.

William D. BATEMAN and Eugene D. Brown Company Realtors, Defendants.

No. 83–0331–CV–W–8.

United States District Court, W.D. Missouri, W.D.

May 1, 1984.

Ronald E. Finley, Kansas City, Mo., for plaintiffs.

Louis A. Silks, Jr., Kansas City, Mo., for Bateman.

Timothy W. Monsees, Morris, Larson, King, Stamper & Bold, Kansas City, Mo., for Brown.

## ORDER

STEVENS, District Judge.

In this action charging defendants with racial discrimination under 42 U.S.C. § 1981 both defendants have filed summary judgment motions. Defendants contend that principles of res judicata, election of remedies, and mootness estop plaintiffs as a matter of law from pursuing this action.[1] The court has reviewed the pleadings, including supplemental briefing ordered by the court on April 12, 1984, and, based on the procedural history of this case, the court finds that the doctrine of res judicata bars plaintiffs from pursuit of this action.[2]

---

1. Defendants also contend that there is no genuine issue as to any material fact because there are no facts or affidavits supporting plaintiffs' bare allegation of discriminatory intent, a crucial element of a cause of action under section 1981. However, on April 12, 1984, this court noted that, although plaintiffs have not come forth with facts or affidavits to support their claims of discriminatory intent, the court would not base an order of summary judgment on this fact alone.

2. The court will, therefore, make no findings as to the merits of defendants' election of remedies and mootness arguments.

Title 28 U.S.C. § 1738 defines full faith and credit and dictates that federal courts give res judicata effect to state-court judgments whenever the courts of the state from which the judgment emerged would do so. *See Brown v. St. Louis Police Department,* 691 F.2d 393 (8th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1882, 76 L.Ed.2d 812 (1983). "This rule promotes comity between state and federal courts, ... and eliminates the uncertainty, confusion, and delay that accompany relitigation of the same cause of action." *Id.* at 395 (citation omitted). For res judicata, or claim preclusion, to apply, there must exist "(a) identity of the thing sued for; (b) identity of the cause of action; (c) identity of the persons or parties to the action; and (d) identity of the quality of the person for or against whom a claim is made." *Brown, supra,* at 395–96.

The Eighth Circuit has repeatedly applied res judicata in circumstances similar to those in this action. In *Vorbeck v. Whaley,* 620 F.2d 191 (8th Cir.1980) (per curiam), a St. Louis police sergeant challenged in state court his public censure by the St. Louis Board of Police Commissioners, alleging (1) that he had been denied due process of law as guaranteed by the Fourteenth Amendment, (2) that he had been disciplined without notice and hearing as required by police regulations and the Missouri Administrative Procedures Act, (3) that his First Amendment rights had been violated, (4) that he had unjustly suffered public humiliation, and (5) that he would suffer irreparable harm if injunctive relief were not granted. After the state trial court dismissed plaintiff's action, plaintiff filed in federal district court, an action based upon the same occurrence as the state action. The claims asserted were "substantially identical to those of the state suit, except that [plaintiff] added the bare allegation of a deprivation of civil rights under 42 U.S.C. § 1983." Noting that plaintiff commenced his action in state court and failed to seek review of the state court determination, the Eighth Circuit upheld the district court's dismissal of the complaint on res judicata grounds. *Id.* at 193.

In *Brown v. St. Louis Police Department,* 691 F.2d 393 (8th Cir.1982), the court again held that a police officer who unsuccessfully challenged his termination in state court by attacking the sufficiency of the evidence against him was barred by res judicata from subsequently maintaining a federal civil rights action in federal court. In so holding, the court stated:

> In both cases the central question is why [plaintiff] was dismissed. [Plaintiff] did raise a new issue before the District Court. He alleged that he was discriminatorily dismissed from employment in violation of 42 U.S.C. §§ 1981, 1983, and 1985, and the Fifth and Fourteenth Amendments. This issue could and should have been raised in the state proceedings under Mo.Ann.Stat. § 84.040 (Vernon 1981). It was not. *Res judicata* bars a litigant who fails to recover on his initial theory from relitigating the same claim under a different theory of recovery. The term "cause of action" has not been given a technical construction by the courts of Missouri.

*Id.* at 396 (footnote omitted).

Finally, in *Poe v. John Deere Co.,* 695 F.2d 1103 (8th Cir.1982), plaintiff sued first in federal court alleging that defendant had discriminated against her on the basis of her race and in retaliation for opposing defendant's employment practices. After the jury was sworn, plaintiff moved for leave to amend her complaint to include various theories of recovery under common law tort and the Missouri Service Letter Statute. When the untimely motion was denied, plaintiff filed a second suit against John Deere Co. and raised the same theories she had attempted to raise in the motion for leave to amend her complaint. In affirming the trial court's use of res judicata to dismiss the second action, the Eighth Circuit adopted the Restatement (Second) of Judgments § 24(1) (1982) and stated,

> For the purpose of determining whether a plaintiff presents two separate claims, we have looked to whether or not proof

of the same facts will support both actions, or to whether the wrong for which redress is sought is the same in both actions.... The Restatement (Second) of Judgments has recently adopted a test through which an identity of claims can be more readily discerned. It looks to whether the claims arise from the same transaction.... The term "transaction" connotes a common nucleus of operative facts.

*Id.* at 1106 (citation omitted).

■ In this case, plaintiffs first filed their complaint in state court against defendant Bateman for breach of contract. As this court noted in its order filed April 12, 1984, plaintiffs

asked for specific performance, alleging that money damages were an inadequate remedy. In state court, the judge inquired into the status of the property ... Plaintiffs told the court they still wanted to purchase the property and defendant, the seller, agreed. Pursuant to this agreement between the parties, [Judge Mauer] ordered specific performance. However, plaintiffs later decided not to buy defendant's property, thus leaving defendant without a buyer.

Judge Mauer, foreseeing this possibility, ordered as follows:

[I]f the plaintiffs have not closed on their real estate contract with the defendant and have not paid to said defendant the said sum ... then the said Court's order and judgment permitting specific performance of their contract as to defendant herein shall be null and void and the plaintiffs' cause of action herein shall be dismissed with prejudice at the cost of said plaintiffs....

*Order and Judgment Entry,* Case No. 81–16399, filed December 12, 1982, in the Circuit Court of Jackson County, Missouri.

The material facts, that is, those necessary for disposition of defendants' summary judgment motion, are undisputed.[3] First, plaintiffs did not close on the real estate contract, did not seek reconsideration of Judge Mauer's order of dismissal with prejudice, and did not appeal the state court judgment. The state court judgment is, therefore, a final judgment and cannot now be attacked in a federal forum.

In state court, plaintiffs, at all times represented by counsel, undeniably failed to allege a cause of action under 42 U.S.C. § 1981. In fact, the state court transcript reflects that on the day of trial, Judge Mauer told plaintiffs that he would dismiss the cause *without* prejudice if plaintiffs did not wish to proceed with the complaint then before the court. Plaintiffs, by choosing to proceed, chose not to assert any claims under § 1981 and not to seek monetary relief.

Plaintiffs' complaint in this action is based on the same occurrence as the state court action against defendant Bateman. The current claims against defendant Bateman and Brown Company Realtors are identical to those brought in state court except that plaintiffs now add the bare allegation of a deprivation of civil rights under 42 U.S.C. § 1981. Because the state court's ruling "bars relitigation of actions arising out of the same transaction or factual setting," *Poe, supra,* at 1107, plaintiffs' concessions in state court are fatal to their cause.

■ Further, because defendant Eugene D. Brown Company Realtors' liability, as alleged in plaintiffs' complaint, arises

---

**3.** The facts giving rise to the alleged contract, on the other hand, are somewhat unclear. In a pretrial conference, the parties emphasized the importance of a June 16, 1981, telephone conference wherein defendant Bateman, according to plaintiffs, accepted plaintiffs' second proposal to buy defendant's home. In the complaint, plaintiffs allege that defendant Bateman, after rejecting plaintiffs' first offer, made a counteroffer which was accepted by plaintiffs in writing received by defendant's agent, Brown Company Realtors, on June 17, 1981. Defendants contend that Bateman's counteroffer by its very terms had expired prior to plaintiffs' alleged written acceptance and that the alleged acceptance, because it varied slightly from the terms of the counteroffer, constituted a second offer rather than an acceptance. Although certain facts are, therefore, disputed, * * * they are not material to the issue now before the court.

**532**

out of its relationship with William D. Bateman, res judicata protects defendant Eugene D. Brown Company Realtors as well as defendant William D. Bateman from suit by plaintiffs. The law is well-settled. Res judicata bars subsequent actions not only as against record parties to the first action, but also as against persons or entities in privity with parties to that action. *Ruple v. City of Vermillion, South Dakota,* 714 F.2d 860 (8th Cir.1983). *See also Garrigan v. Giese,* 420 F.Supp. 68 (E.D.Mo.1976), *aff'd* 553 F.2d 35 (8th Cir.1977) (court extended doctrine of res judicata to preclude relitigation of same cause of action against those who allegedly conspired with United States, defendant to the first action); *Lundgren v. Freeman,* 307 F.2d 104, 116 (9th Cir.1962) ("plaintiff who has had the existence or extent of a wrong litigated in an action against the principal may not thereafter have the same matter litigated as to the agent."); *Varnal v. Kansas City,* 481 S.W.2d 575, 579 (Mo.App.1972). In this case, defendant Brown Company Realtors is alleged to be an agent of Bateman's, a co-conspirator of Bateman's or an entity which "acted in concert" with defendant Bateman. By plaintiffs' own admissions, defendant Eugene D. Brown Company Realtors is in privity with William D. Bateman. Accordingly, it is

ORDERED that William D. Bateman's motion for summary judgment is granted. It is further

ORDERED that Eugene D. Brown Company Realtors' motion for summary judgment is granted. Summary judgment is hereby entered in favor of both defendants against plaintiffs, Albert Lowe, III and Alicia Lowe.