620 F.Supp. 360 (1985)
Thomas PILLOW, Plaintiff,
v.
Vincent SCHOEMEHL, Mayor of the City of St. Louis, et al., Defendants.
No. 83-2449C(6).
United States District Court, E.D. Missouri, E.D.
October 7, 1985.
Doris Gregory Black, St. Louis, Mo., for plaintiff.
James J. Wilson, City Counselor, Judith A. Ronzio, Associate City Counselor, St. Louis, Mo., for defendants.

ORDER AND MEMORANDUM
GUNN, District Judge.
IT IS HEREBY ORDERED that defendants' motion for summary judgment is granted on the basis of res judicata.
Plaintiff, a black male, brought this action under 42 U.S.C. § 1981 against members of the St. Louis Board of Police Commissioners (Board) in their official capacities, alleging racially discriminatory discharge from his position of police officer. Plaintiff commenced employment with the St. Louis Metropolitan Police Department in December 1975. On September 16, 1981, plaintiff was charged by the Board with nine violations of rules of the Police Manual. In brief, it was alleged that on September 13, 1985, plaintiff, while off duty, was intoxicated and fired three or four shots from a non-issued or approved revolver directly into a crowd of persons without cause or justification; that plaintiff was arrested for said incident and was abusive and insubordinate to superior officers while in custody. Following an evidentiary hearing at which plaintiff was present and represented by counsel, the Board found plaintiff guilty and discharged him.
Plaintiff filed a petition for review in the Circuit Court of the City of St. Louis raising eleven grounds for vacating the Board's decision and seeking reinstatement and damages. The court upheld the Board's decision. On appeal, the Missouri Court of Appeals affirmed the judgment of the circuit court. In the case now before this Court, plaintiff alleges racial discrimination in that similarly situated white police officers were not discharged for similar offenses.
*361 In Brown v. St. Louis Police Dept., 691 F.2d 393 (8th Cir.1982), the Eighth Circuit held that a discharged police officer who had previously challenged in state court the Board of Police Commissioners' decision to discharge him, was barred by res judiciata, as applied in Missouri, from subsequently maintaining a federal civil rights action for discriminatory discharge. "This issue [of discrimination] could and should have been raised in the state proceedings under Mo. Ann.Stat. § 84.040 (Vernon 1982)." Id. at 396.
Accordingly, summary judgment on the basis of res judicata is granted to defendants.