**UNITED STATES of America**

v.

**Ahron SHARIR, et al., Defendants.**

**No. 90 Cr. 197 (RO).**

United States District Court,
S.D. New York.

May 22, 1990.

**78**

Paul B. Bergman, New York City, for defendant Ahron Sharir.

Otto G. Obermaier, U.S. Atty., S.D.N.Y., for U.S.A.; Avraham C. Moskowitz, Mark E. Matthews, Bart G. Van De Weghe, Asst. U.S. Attys., of counsel.

## MEMORANDUM AND ORDER

OWEN, District Judge:

Defendant Sharir, under indictment herein, is accused of having directed a money laundering scheme involving hundreds of millions of dollars from drug dealing. He moves for the release of approximately $2 million in cash, goods and real property, some of which the Government first seized in companion civil cases, before trial, as the fruit of criminal conduct,[1] and some of which were named in the recently filed indictment. The applicable rules provide for *ex parte* seizure, and do not specifically require that a judicial officer scrutinize or otherwise confirm the seizure. The civil and criminal cases having been consolidated and the assets having been named in the superceding indictment, the Government moved to convert the civil seizure orders and other warrants of seizure to protective orders under the criminal forfeiture statute, 21 U.S.C. § 853(e)(1)(A).

In his motion for the release of the seized assets, Sharir challenges the constitutionality of these pre-trial seizure mechanisms. First, Sharir contends that the statute's authorization of pre-trial seizure without a hearing violates the due process guarantee of the Fifth Amendment. Second, Sharir argues that, under the circumstances, the Sixth Amendment right to counsel entitles him to the release of at least enough money to pay his attorney.

In *United States v. Monsanto*, 491 U.S. 600, 109 S.Ct. 2657, 105 L.Ed.2d 512 (1989), and *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989), the Supreme Court concluded that 21 U.S.C. § 853(e)(1)(A) provides no exemption for funds that the defendant needs to pay an attorney, and that neither pre-trial restraint nor post-conviction forfeiture of such funds violates the defendant's Sixth Amendment right to counsel or Fifth Amendment rights to due process of law. In so holding, the Court reversed the Second Circuit's *en banc* ruling that pre-trial restraint of forfeitable assets needed to pay attorney's fees is either unconstitutional or impermissible on statutory and equitable grounds. *United States v. Monsanto*, 852 F.2d 1400 (2d Cir.1988). This Supreme Court ruling obviously forecloses Sharir's Sixth Amendment claim. Sharir's right to counsel does not include the right to pay counsel out of criminally-acquired assets. *Caplin & Drysdale, Chartered v. United States*, 109 S.Ct. at 2652–53. There is no basis for any different rule, as Sharir proposes, simply because Sharir and his attorney have had a substantial prior relationship. Indeed, Congress specifically intended to withdraw any such advantage from a defendant whose extensive, lucrative criminal activities enable him to spend large sums, over long periods of time, for high-priced legal representation. 109 S.Ct. at 2655.

Although Sharir's Sixth Amendment argument must fail, his Fifth Amendment due process objections require exploration. In *Monsanto*, the Supreme Court expressly declined to rule on whether due process requires a hearing before a pre-trial restraining order can be imposed. *United*

---

**1.** In each instance, the initial seizure was accomplished through *ex parte* "warrants of seizure," pursuant to 18 U.S.C. § 981(b), a civil forfeiture provision that borrows its procedures from the Supplemental Admiralty and Maritime Rules B, C(3) and E(4)(f).

*States v. Monsanto,* 109 S.Ct. at 2666, n. 10; *see also United States v. Unit No. 7 and Unit No. 8,* 890 F.2d 82, 84–85 (8th Cir.1989). The Second Circuit, in a panel decision preceding its reversed *en banc* ruling, discussed above, held that a post-restraining order adversarial hearing is constitutionally required, though the statute does not provide for it. *United States v. Monsanto,* 836 F.2d 74, 82–83 (2d Cir.1987) (citing *United States v. Harvey,* 814 F.2d 905 (4th Cir.1987)); *see also United States v. Crozier,* 777 F.2d 1376, 1383 (9th Cir. 1985). That decision, if not general due process principles, requires some hearing, with the procedures and issues limited, as set forth in *United States v. Monsanto,* 836 F.2d at 85.

Accordingly, a hearing is scheduled for May 29, 1990 at 10:00 a.m. in Courtroom 128, to continue until concluded.

So ordered.