**Elvis TOLEFREE, Appellant,**

v.

**CITY OF KANSAS CITY, MISSOURI, Appellee.**

No. 91–2002.

United States Court of Appeals,
Eighth Circuit.

July 9, 1992.

Before LOKEN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.

## ORDER

IT IS HEREBY ORDERED that appellant review the records of the district court, the Kansas City Personnel Appeals Board, the Kansas City Department of Human Relations, and the EEOC to determine whether the complete records with respect to the appellant have been filed with this court. To the extent that there are documents, transcripts, correspondence, and other materials relating to the appellant's case that have not yet been filed with this court, the appellant is directed to file them within 30 days of the date of receipt of this Order. The appellee is directed to cooperate with the appellant in providing these documents to the court.

IT IS FURTHER ORDERED that simultaneously with the filing of the above documents, the parties shall file supplemental briefs addressing the following questions:

1. To what extent, if any, does *Brown v. St. Louis Police Dept.*, 691 F.2d 393 (8th Cir.1982) control this case? In what respects do the *Brown* and *Tolefree* cases differ, especially with respect to claims for a remedy, theories of redress and procedures followed?

2. What are the respective roles of the Personnel Appeals Board, the Kansas City Department of Human Relations, and the EEOC in cases in which an employee of Kansas City alleges that he was discharged because of his race or because he filed a claim of racial discrimination against the City? Does any one of these agencies have exclusive jurisdiction to hear claims of ra-cial discrimination? If not, can an employee decide with which agency to file his claim? What are the implications of the employee's decision?

3. Must a discharged employee of Kansas City who appeals his termination to the Personnel Appeals Board raise any claim of discriminatory discharge before the Personnel Appeals Board, or can he choose to raise it before the Kansas City Department of Human Relations instead? If so, what are the implications of this choice?