620 F.2d 191
 William J. VORBECK, Appellant,
v.
Donald H. WHALEY, Clarence Hunter, Suzanne Hart, John
Schicker, James F. Conway, as the Board of St.
Louis Police Commissioners of the City
of St. Louis, Appellees.
 No. 79-1926.
 United States Court of Appeals,
Eighth Circuit.
 Submitted April 14, 1980.
Decided April 24, 1980.
 
 Lawrence J. Fleming (on brief), London, Greenberg & Fleming, St. Louis, Mo., for appellant.
 William W. Cody (on brief), McMahon, Berger, Breckenridge, Hanna, Linihan & Cody, St. Louis, Mo., for appellees.
 Before HEANEY and ARNOLD, Circuit Judges, and SACHS, District Judge.*
 PER CURIAM.
 
 
 1
 Appellant William J. Vorbeck, a sergeant in the St. Louis Metropolitan police department, was publicly censured by the St. Louis Board of Police Commissioners on May 12, 1976. The censure was the result of Sergeant Vorbeck's earlier public assertions that Colonel Theodore McNeal, President of the Board of Police Commissioners, had lied in a public meeting.
 
 
 2
 In June of 1976, Vorbeck responded to the censure by filing a complaint in the Circuit Court of the City of St. Louis, alleging that (1) he had been denied the due process of law guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Missouri Constitution of 1945; (2) he had been disciplined without the notice and hearing required by the regulations of the Board of Police Commissioners and the Missouri Administrative Procedures Act; (3) he had been deprived of the freedom of speech and expression guaranteed by the First Amendment to the United States Constitution and Article I, Section 8 of the Missouri Constitution of 1945; (4) he had suffered damages from public humiliation and ridicule caused by the Board's statement; and (5) he would continue to suffer irreparable harm if the requested injunctive relief was not granted. The state trial court sustained the defendants' motion to dismiss on grounds that Vorbeck's complaint failed to state a claim upon which relief could be granted and failed to allege an actual controversy between plaintiff and defendants. The trial court's decision was affirmed by the Missouri Court of Appeals in Vorbeck v. McNeal, 560 S.W.2d 245 (Mo.App.1977).
 
 
 3
 The present action, based on the same occurrence as the state action, was filed in federal district court on August 2, 1979. The claims asserted and relief sought are substantially identical to those of the state suit, except that Vorbeck added the bare allegation of a deprivation of civil rights under 42 U.S.C. § 1983. The district court dismissed the case on the ground that Vorbeck's claims were fully litigated in the prior state court proceedings and were, therefore, barred by the doctrine of res judicata.[1] The court also ordered Vorbeck to pay $1,912.50 for attorney's fees.
 
 
 4
 While we express no opinion on the merits of the claims presented in the state court proceeding, we hold that the district court was correct in dismissing the appellant's complaint on res judicata grounds.[2] Vorbeck commenced the original action in state court and he presented his constitutional claims there. Moreover, he failed to seek review of the state court determinations through petition for writ of certiorari. Under these circumstances, he is not entitled to relitigate his claims in the federal courts. See Goodrich v. Supreme Court of State of South Dakota, 511 F.2d 316 (8th Cir. 1975).
 
 
 5
 After reviewing the record, however, we are convinced that the district court erred in ordering Vorbeck to pay the defendants' attorney's fees. The court made no finding that the suit was frivolous, unreasonable or without foundation, and the record would support no such finding. See Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); Bowers v. Kraft Foods Corp., 606 F.2d 816 (8th Cir. 1979).
 
 
 6
 Accordingly, that portion of the district court's order dismissing the cause is affirmed; that portion awarding attorney's fees is reversed.
 
 
 
 *
 The Honorable HOWARD F. SACHS, United States District Judge for the Western District of Missouri, sitting by designation
 
 
 [1]
 The district court had originally dismissed Vorbeck's suit on the ground that it was barred by the applicable Missouri statute of limitations. Upon Vorbeck's motion for reconsideration, the court vacated its earlier order and entered the order from which Vorbeck now appeals
 
 
 [2]
 The district court also found, as an alternative reason for dismissing the appellant's claim, that it lacked subject matter jurisdiction over the action because the claim was in essence an appeal from a state court decision. Since we have determined that the district court's order was correctly founded on res judicata principles, we express no view on the merits of this alternative rationale