**U.S. EQUAL EMPLOYMENT OPPOR-TUNITY COMMISSION, Plaintiff,**

**v.**

**AMERICAN FEDERATION OF TEACH-ERS, LOCAL # 571 and Elmhurst Community Unit School District No. 205, et al., Defendants.**

No. 87 C 5290.

United States District Court, N.D. Illinois, E.D.

Feb. 25, 1991.

---

Sherry R. Faulkner, John P. Rowe, Dorothy Smith, U.S. E.E.O.C., Chicago, Ill., for plaintiff.

Stephen A. Yokich, Cornfield and Feldman, Chicago, Ill., for American Federation of Teachers, Local No. 571.

Todd Faulkner, James P. Bartley, Michael J. Duggan, Klein, Thorpe and Jenkins, Ltd., Chicago, Ill., for Elmhurst Community Union School Dist. No. 205, et al.

## ORDER

NORGLE, District Judge.

On December 7, 1990, this court entered an order granting attorneys' fees against plaintiff United States Equal Employment Opportunity Commission ("EEOC") in favor of defendant Elmhurst Community Unit School District No. 205 ("District 205"). Before the court is EEOC's motion to reconsider that order and District 205's motion to amend the order to increase the amount of fees awarded. For the reasons stated below, the EEOC's motion to reconsider is denied and District 205's motion is granted.

## FACTS

On June 12, 1987, the EEOC filed a complaint against the American Federation of Teachers Local 571 ("Local 571") and District 205, alleging that Local 571 had violated Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e *et seq.*) by participating in a collective bargaining agreement which discriminated against employees who were disabled because of pregnancy. In its complaint, the EEOC did not allege any claims against, or request any relief from, District 205. Rather, the EEOC named District 205 as a defendant, on the grounds that the school district was a "necessary party" under Fed.R.Civ.P. 19.[1]

On October 5, 1987, District 205 filed a motion to dismiss in which it argued that Title VII, which expressly prohibits EEOC proceedings against governmental entities, provided a procedural bar to the EEOC's action against it. (The parties agree that District 205 is a local governmental entity.) In an order dated November 30, 1988, the court granted District 205's motion to dismiss. The November 30, 1988 order also granted Local 571's motion for summary judgment. The EEOC filed a motion to reconsider the court's November 30 order, which was subsequently denied in an order dated June 15, 1989.

On August 11, 1989, the EEOC appealed this court's November 30, 1988 order and its June 15, 1989 order denying reconsideration. Ultimately, the appeal was voluntarily dismissed after the EEOC entered into a consent decree with Local 571, thus resolving the substantive issues in the litigation.

On April 30, 1990, District 205 filed a motion for attorneys' fees under Title VII and Fed.R.Civ.P. 11, and an affidavit in support thereof.[2] This affidavit documented $10,072.50 in fees incurred by District 205 between July 1987 and February 1990. In December, after full briefing on its motion, District 205 filed a Supplemental Affidavit, documenting $5,171.50 in fees incurred between February 7, 1990 and September 18, 1990. On December 7, 1990, the court entered an order granting District 205's motion for fees in the amount of $4,137.00.

In its present motion for amendment of judgment, District 205 argues that the court miscalculated the fee award by considering only its Supplemental Affidavit (which only documented fees from Febru-

---

1. The only allegation in the complaint concerning District 205 states: "Defendant District is a party to a collective bargaining agreement with Defendant AFT and is therefore named as a party pursuant to Rule 19(a)(2) of the Federal Rules of Civil Procedure in that it has an inter-est in the outcome of this action." Complaint, ¶ 6.

2. Because the court finds that a fee award is appropriate under Section 706(k) of Title VII, it does not reach the issue of Rule 11 sanctions.

ary to September of 1990), and not its initial affidavit (which documented fees incurred in the period from July 1987 to February 1990). The EEOC, in its motion to reconsider, argues that in the December 7, 1990 order, the court erred in failing to address the issue of whether District was entitled to fees at all. The EEOC's position is that District 205 is not entitled to any fees.

## DISCUSSION

■ Section 706(k) of Title VII states:

(k) In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.

42 U.S.C. § 2000e–5(k). Although this statutory language makes no distinction between prevailing plaintiffs and prevailing defendants, the Supreme Court has established two separate standards. *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). Whereas a prevailing plaintiff in a Title VII action "ordinarily is to be awarded attorney's fees in all but special circumstances," *Christianburg*, 434 U.S. at 417, 98 S.Ct. at 698, a prevailing defendant may only obtain fees if the district court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christianburg*, 434 U.S. at 421, 98 S.Ct. at 700. As a prevailing defendant, District 205 is held to the higher standard set forth in *Christianburg* and this court must therefore determine whether the EEOC's action against it was "frivolous, unreasonable, or without foundation."

Although there is no precise test for determining whether a lawsuit is frivolous, unreasonable, or without foundation, the Seventh Circuit has articulated some factors to help guide the district courts. *See Reichenberger v. Pritchard*, 660 F.2d 280, 288 (7th Cir.1981).

In seeking to determine whether a suit is frivolous, unreasonable, or groundless, courts have focused on several factors. Among those considered are whether the issue is one of first impression requiring judicial resolution, *Christianburg*, 434 U.S. at 423–24, 98 S.Ct. at 701; whether the controversy is sufficiently based upon a real threat of injury to the plaintiff, *Olitsky [v. O'Malley]*, 597 F.2d [303] at 305 [ (1st Cir.1979) ]; whether the trial court has made a finding that the suit was frivolous under the *Christianburg* guidelines, and whether the record would support such a finding, *see, e.g., Vorbeck v. Whaley*, 620 F.2d 191, 193 (8th Cir. 1980).

*Reichenberger*, 660 F.2d at 288. *See Munson v. Friske*, 754 F.2d 683, 697 (7th Cir. 1985); *EEOC v. Sears, Roebuck and Co.*, 114 F.R.D. 615, 627–628 (N.D.Ill.1987). However, in a more recent opinion, *LeBeau v. Libbey–Owens–Ford Co.*, 799 F.2d 1152 (7th Cir.1986), the Seventh Circuit emphasized that the factors listed in *Reichenberger* should not be applied as a rigid test. Recognizing the limitations of the *Reichenberger* factors, the court nevertheless finds that those *Reichenberger* factors which apply here support an award of fees. Moreover, the court finds other persuasive reasons for imposing fees in this case as well.

None of the *Reichenberger* factors weigh in favor of the EEOC. First, as discussed more fully below, the issue in question here was certainly not "one of first impression requiring judicial resolution." On the contrary, the issue had been resolved against the EEOC in two previous cases in this district—and the EEOC proceeded here in spite of these two unambiguous adverse rulings. The second *Reichenberger* factor is inapplicable here. Although the EEOC's controversy with Local 571 may have been sufficiently based upon a real threat of injury to the plaintiff, the EEOC, by its own admission, had no controversy at all with District 205. The EEOC has repeatedly argued that it was not proceeding against District 205 for violations of Title VII, and that it sought no relief from the school district. The third and fourth *Reichenberger* factors weigh

against the EEOC. As discussed more fully below, the court finds that the EEOC's action against District 205 was not only "without foundation," but was frivolous in view of unambiguous statutory and case law authority which prohibited the EEOC from naming District 205 as a defendant to this suit.

■ As stated above, the District 205 was dismissed from this action on the grounds that the enforcement provisions of Title VII expressly prohibited the EEOC from bringing a civil action against the school district, which is a governmental entity. The relevant language of these provisions states, in relevant part:

(f)(1) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against *any respondent not a government, governmental agency, or political subdivision named in the charge.* In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, *the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent in the appropriate United States district court.*

42 U.S.C. § 2000e–5(f)(1) (emphasis added). Congress's intention to preclude the EEOC from suing governmental entities is also reflected in the regulations interpreting this language in Title VII.

If the Commission is unable to obtain voluntary compliance in a charge involving a government, governmental agency, or political subdivision, it shall inform the Attorney General of the appropriate facts in the case with recommendation for the institution of a civil action by him or her against such respondent or for intervention by him or her in a civil action previously instituted by the person claiming to be aggrieved.

29 C.F.R. § 1601.29. This intention is also manifested elsewhere in Title VII:

The Commission shall have the power ... to intervene in a civil action brought under Section 2000e–5 of this title by an aggrieved party against a respondent *other than a government, governmental agency or political subdivision.*

42 U.S.C. § 2000e–4(g)(6) (emphasis added).

In spite of this apparently clear statutory prohibition, the EEOC "took action" against District 205 by naming them as a defendant in this civil lawsuit. The EEOC attempts to justify its actions by arguing that Section 706(k) applies only in situations where the EEOC seeks to impose Title VII liability on a government agency. It argues that the prohibition is inapplicable here because the EEOC did not seek relief from District 205, but only named it as a "necessary party" under Rule 19. *See* Memorandum of EEOC In Opposition to District 205's Motion to Dismiss ("Memo in Opposition"), pp. 4–6, and p. 9 (at unnumbered footnote) ("Here, clearly the EEOC is not 'proceeding against District 205, since it is not prosecuting District 205 nor seeking any substantive relief from it").

In short, the EEOC argues that Congress intended to preclude the EEOC from suing governmental entities for some purposes but not for others. This position is entirely unsupported by the language of the statute, by case law, and by any reasonable policy justification.[3] District 205 has addressed in detail each of the EEOC's

---

3. The court notes that the EEOC had three opportunities to present arguments in support of this position: in opposition to District 205's motion to dismiss, in support of EEOC's motion to reconsider, and in opposition to District 205's motion for sanctions. In none of these briefs does the EEOC present any direct statutory or case law support for its position, or even a reasonable explanation of Congressional purpose which would support its reading of the statutory prohibition at issue.

arguments[4] and for the reasons stated in District 205's briefs, the court finds the EEOC's position untenable.

Although the court finds that the EEOC's action against District 205 was sufficiently "without foundation" to satisfy the requirements of *Christianburg*, the court might hesitate to impose attorney's fees on this basis alone. The court recognizes that plaintiffs should not be penalized merely for advancing novel arguments and that fee awards imposed against unsuccessful plaintiffs may have a chilling effect on litigation. However, some litigation deserves to be chilled and this case presents a good example of such litigation.

In two previous lawsuits in this very district, the EEOC has attempted to circumvent the statutory prohibition of § 2000e–5(f)(1) by suing a governmental entity as a "necessary party" under Fed.R. Civ.P. 19. *See EEOC v. Oak Park Teachers' Ass'n*, 45 Fair Empl.Prac.Cases 444, 1985 WL 5220 (N.D.Ill.1985); *EEOC v. Elgin Teachers Ass'n*, 45 Fair Empl.Prac. Cases 446 (N.D.Ill.1985). In each of these cases, the court rejected the EEOC's strained efforts to evade the unambiguous procedural bar contained in the statute.

In *Oak Park Teachers'*, as in the present case, the EEOC characterized its suit as a proceeding against a private party in which a governmental entity was added merely as an indispensable party. In that case, Judge Moran (now Chief Judge in this district), held that only the Attorney General may sue a governmental entity under Title VII, and that the EEOC was prohibited from doing so for any reason.

Congress made a conscious decision to have *any* action against a governmental body initiated by the Attorney General, not the EEOC. The Attorney General could have proceeded against both the Board and the OPTA (the statute does not prohibit the Attorney General from suing private parties; it only prohibits the EEOC from suing governmental entities); he chose not to do so.[5] The responsible governmental unit having decided not to sue the Board, it would directly contradict that congressional decision if the EEOC were now free to proceed against the Board under the guise of Rule 19.

It goes too far to argue that EEOC in suing a private party must be able to join indispensable governmental entities or enforcement of the statute will be frustrated. The Attorney General is, after all, part of the federal government also and if he decides to sue a public body he will necessarily have to make the converse decision to join the indispensable private party. The motion to dismiss the Board is granted.

*Oak Park Teachers'*, 45 Fair Empl.Prac. Cases at 445–446.

In *Elgin Teachers*, Judge Shadur of this district concurred with the holding of *Oak Park Teachers'*. In *Elgin Teachers*, the EEOC sued the Elgin Teachers Association and the Board of Education of District U–46, based upon certain collective bargaining agreements between the defendants.[6] In that case, as here, the EEOC sought relief only from the Teachers Association and joined the school board as a defendant as a

---

**4.** *See* Memorandum In Reply To Response To Motion To Dismiss; Memorandum of Elmhurst Community Unit School District 205 In Opposition To EEOC's Motion for Reconsideration; Motion for Attorneys' Fees; Defendant Elmhurst Community Unit School District 205's Reply Memorandum In Support of Its Motion for Attorney's Fees.

**5.** In *Oak Park Teachers'*, unlike the present case, the EEOC initially referred a charge against the government entity (Oak Park School District No. 97 Board of Education) to the Attorney General, who declined to sue. This distinction does not help the EEOC here. If the EEOC could not proceed against Local 571 without

joining District 205 in the action, it could have referred the entire matter to the Attorney General, who, unlike the EEOC, had the authority to proceed against both District 205 (a governmental entity) and Local 571 (a private entity). That the EEOC did not bother to refer this matter to the Attorney General in the first instance does not somehow redeem its subsequent unauthorized actions.

**6.** The court notes that in *Elgin Teachers*, as in the present case, the collective bargaining agreements allegedly treated employees who were disabled because of pregnancy less favorably than those disabled for other reasons.

Rule 19 "necessary party." Judge Shadur granted the school board's motion to dismiss based upon the EEOC's inability to sue a governmental entity under Title VII.

> When the statute uses the term "no further action" it really has to be read to mean exactly that. It does not permit naming a governmental agency or a political subdivision as a defendant and then saying in a sense, which is what the EEOC's argument seems to be here, "We are not threatening you because we are not seeking relief." For a party to have to defend against litigation, even in the sense of just having to retain counsel (as you know has taken place here) and to evaluate what the consequences are, is something that plainly the statute does not impose on the governmental body, except at the instance of the Attorney General and not the EEOC.

45 Fair Empl.Prac.Cases at 447. In this ruling (which was issued as an oral opinion), Judge Shadur noted:

> Counsel although I had thought about the possibility of writing an opinion on this one (if only to keep EEOC from trying maybe a third time someplace else), it seemed to me the issue was so clear that it was probably appropriate to deal with it orally rather than with a written opinion.

45 Fair Empl.Prac.Cases at 446.

Despite Judge Shadur's admonition, the EEOC has tried for a third time (in the same district, no less), to evade a statutory provision which appears clear to everyone but the EEOC. The Seventh Circuit has recognized that an award of attorneys' fees against a Title VII plaintiff is appropriate where the plaintiff "proceeds in the face of an unambiguous adverse previous ruling," *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1163 (7th Cir.1983); *see also LeBeau v. Libbey–Owens–Ford Co.*, 799 F.2d 1152, 1157 (7th Cir.1986), or where the plaintiff "is aware with some degree of certainty of the factual or legal infirmity of his claim," *Badillo*, 717 F.2d at 1164; *EEOC v. Sears, Roebuck and Co.*, 114 F.R.D. 615, 628 (N.D.Ill.1987). An award of fees is particularly appropriate where, as here, the underlying legal principles which the plaintiff failed to recognize provide a threshold procedural bar. *See Brodemus v. Schwarz*, No 82 C 2578 slip op. (N.D.Ill. October 24, 1983).

In its memorandum in opposition to District 205's motion for attorneys' fees, the EEOC argues that its position is not frivolous in light of the adverse holdings in *Oak Park Teachers'* and *Elgin Teachers* because those cases are not binding on this court.[7] However, for a plaintiff to incur attorney fee liability by proceeding "in the face of an unambiguous adverse previous ruling," the prior ruling need not be *stare decisis*. In *Badillo*, the case cited by the Seventh Circuit as an example of a plaintiff proceeding in the face of an unambiguous adverse previous ruling involved a district court plaintiff whose claims "had been found to be baseless by both the state human relations commission and the EEOC...." *Badillo*, 717 F.2d at 1163. Clearly, the adverse rulings of these administrative agencies were not binding on the district court; nevertheless, the Seventh Circuit used this case as an example of the "adverse previous ruling" principle.

Similarly, a plaintiff need not necessarily be confronted with adverse binding precedent to be "aware with some degree of certainty of the factual or legal infirmity of his claim." Here, the EEOC proceeded not only in the face of an unambiguous statutory bar, but also in the face of two prior district court decisions which rejected its strained attempts to circumvent this bar. The EEOC apparently believes that until it obtains an adverse ruling from the Seventh Circuit, it may continue to assert this ill-founded claim before every district court judge in Illinois, Wisconsin and Indiana. Indeed, it has this prerogative. However,

---

**7.** *See TMF Tool Co. v. Myers*, 913 F.2d 1185, 1191 (7th Cir.1990) ("For a variety of quite valid reasons, including consistency of result, it is an entirely proper practice for district judges to give deference to persuasive opinions by their colleagues on the same court. But, while this is a laudable and worthwhile practice, it does not convert district court decisions into binding precedent").

in the face of two unambiguous adverse rulings, the EEOC has raised this claim at its own peril. The cost of its repeated efforts to find a judge which will adopt its interpretation of 42 U.S.C. § 2000e–5(f)(1) must be the compensation of the defendants which it improperly drags into litigation.[8]

Because the two prior adverse district court rulings (*Oak Park Teachers'* and *Elgin Teachers*) were issued in 1985, the EEOC was or should have been aware with some degree of certainty of the legal infirmity of its claim against District 205 before this suit was filed in 1987.[9] In short, the District 205 should not have been named as a defendant in this action by the EEOC, and all of the reasonable fees it incurred in defending this action—including fees incurred in relation to the EEOC's appeal to the Seventh Circuit—are therefore compensable.[10]

 The only remaining issue is the amount of fees to be awarded. In its initial fee award, the court inadvertently overlooked District 205's documentation of the attorney fees it incurred between the dates of July 1987 and February 1990. During this period of time, District 205's attorneys had to: review the complaint, research the law and file an answer; draft a number of substantive pleadings, including a motion to dismiss, a memorandum in support thereof, and a reply memorandum in support thereof, and a memorandum in opposition to the EEOC's motion to reconsider; and prepare its defense to the EEOC's appeal. District 205 has submitted documentation which reflects that the attorney fees it incurred during this period total $10,072.50. The court finds that this amount is reasonable for the work performed. Thus, the court will add this amount to the $4,137.00 which it previously awarded for the fees incurred by District 205 in raising and briefing the motion for fees, during the period of February 7, 1990 to September 18, 1990.[11] Therefore, total amount of fees awarded to District 205 is $14,209.50. The court denies the EEOC's request to take additional discovery and to submit further briefs on the issue of the amount of the fee award. *See* Memo in Opposition to Fees, p. 15, n. 11; Motion to Reconsider Order Granting Petition for Fees, p. 6. This ancillary litigation over fees has endured far beyond the resolution of all substantive disputes which gave rise to this litigation to begin with. It is counterproductive for either party to incur additional attorney fees for the sake of further disputing the reasonableness of the attorney fee award amount at issue here.

IT IS SO ORDERED.

**8.** In its Memorandum in Opposition to District 205's Motion for Attorney's Fees ("Memo in Opposition to Fees"), the EEOC argues that even if the court finds its suit frivolous, an award of fees would not be proper under Section 706(k) of Title VII because District 205 has not established that it is a "prevailing party." Memo in Opposition to Fees, p. 4, n. 4. The essence of the EEOC's argument is that because it never sought substantive relief from District 205, District 205 could never "prevail" against it for the purposes of Section 706(k). The EEOC cites no authority for this proposition, which strikes the court as absurd. District 205 appears to have "prevailed" against the EEOC in every sense of the word. It won a dispositive motion against the EEOC and established that the EEOC had no authority to file suit against it in the first place.

**9.** Because the standard for awarding attorney fees under Title VII is an objective standard, the court need not determine whether the EEOC was subjectively aware that its claim was infirm.

**10.** It is appropriate for the district court to grant a fee award which encompasses fees incurred at both the appellate and district court level. *See Ekanem v. Health & Hospital Corp. of Marion County, Ind.,* 778 F.2d 1254, 1257 (7th Cir.1985).

**11.** The court notes that the $4,137.00 figure reflects a 20% discount from the $5,171.50 in fees which are documented for this period in District 205's Supplemental Affidavit.