**Charles G. COFFEY, Plaintiff,**

v.

**James C. COX, Joseph Galassi, James Simmons, and Michael Stang, Defendants.**

No. 01–3077.

United States District Court,
C.D. Illinois,
Springfield Division.

Dec. 6, 2002.

---

Mary Lee Leahy, Leahy Law Offices, Springfield, IL, Howard W. Feldman, Feldman, Wasser, Draper & Benson, Springfield, IL, for Plaintiff.

Jeffrey D. Colman, David Jimenez–Ekman, Maaike S. Hudson, Jenner & Block Chicago, IL, for Defendants.

## OPINION

RICHARD MILLS, District Judge.

A weak evidentiary case;

A reliance upon the wrong legal test; and

A pattern of bringing questionable *Rutan* claims against the State.

However, the Court does not believe that an award of attorney's fees is appropriate under either 42 U.S.C. § 1988 or 28 U.S.C. § 1927.

Defendants' motion for attorneys' fees is denied.

## I. BACKGROUND

On March 2, 2001, Plaintiff Charles G. Coffey filed the above-captioned case, pursuant to 42 U.S.C. § 1983, alleging that Defendants Warden James C. Cox, Joseph Galassi, and James Simmons violated his First Amendment rights by failing to award him one of the two vacant stationary engineer positions at the Logan Correctional Center in Lincoln, Illinois. Specifically, Plaintiff alleged that Defendants filled the vacant stationary engineer positions on the basis of political considerations in violation of his First and Fourteenth Amendment rights and the United States Supreme Court's holding in *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990). On September 7, 2002, Plaintiff amended his Complaint to add identical allegations against Defendant Michael Stang.

After discovery, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(c) on June 3, 2002. On August 20, 2002, the Court allowed Defendants' motion for summary judgment *in toto. Coffey v. Cox,* 218 F.Supp.2d 997 (C.D.Ill.2002).

Defendants have now filed the instant motion, pursuant to 42 U.S.C. § 1988 and 28 U.S.C. § 1927, asking the Court to exercise its authority to award them their reasonable attorneys' fees incurred in litigating this case. Defendants claim that, based upon the Court's findings in its Opinion allowing their motion for summary judgment, the Court should also allow their request for attorneys' fees.

*First,* Defendants contend that Plaintiff's failure to tender any evidence that his political affiliations, activities, and/or associations (or lack thereof) was a substantial or motivating factor in Defendants' decision not to offer him one of the stationary engineer positions which he sought justifies an award of attorneys' fees.

*Second,* Defendants argue that Plaintiff's improper reliance upon and invocation of the *McDonnell Douglas* test as the one applicable to his *Rutan* claim (instead of the applicable *Mt. Healthy* standard) justifies an award of attorneys' fees.

*Third,* Defendants contend that Plaintiff's claim ‚ is part of a pattern by his counsel of bringing baseless and meritless

*Rutan* claims against the State without any evidentiary support and, therefore, justifies an award of attorney fees.

Defendants argue that these three factors, as found by the Court, warrant an award of attorneys' fees under either 42 U.S.C. § 1988's frivolous, unreasonable, or groundless litigation provision or 28 U.S.C. § 1927's multiplying the proceedings in any case unreasonably and vexatiously provision. Accordingly, Defendants ask the Court to allow the instant motion requesting reasonable attorneys' fees and to allow them seven days thereafter within which to file a detailed accounting of the attorneys' fees which they incurred in litigating this case.

Plaintiff argues that Defendants' request for attorneys' fees should be denied. Plaintiff asserts that, in the instant suit, he raised two issues of first impression: (1) whether a plaintiff may pursue a claim of political discrimination when the politically favored person is selected without consideration of the other applicants? and (2) whether circumstantial evidence may be used to create a question for the jury as to whether the defendants' articulated reason for not awarding a plaintiff a position was pretextual or unworthy of belief?

As for the first issue, Plaintiff contends that the discrimination which occurred in this case was a "preselection system" based upon political affiliation rather than a "rejection system" based upon political affiliation like that found in *Rutan.* Plaintiff asserts that, under this scenario, the *McDonnell Douglas* test rather than the *Mt. Healthy* test is the more reasonable and appropriate framework within which to resolve his claim and that he should have been given the opportunity to demonstrate that he was not awarded one of the stationary engineer positions because the jobs were preordained for someone with political connections. Accordingly, Plain-

tiff contends that he should be allowed to proceed on this claim without facing the penalty of paying Defendants' attorneys' fees.

Regarding the second issue, Plaintiff argues that he presented circumstantial evidence with which a reasonable jury could have concluded that he was not awarded one of the stationary engineer positions due to political considerations. Plaintiff claims that this circumstantial evidence demonstrates that his suit was not frivolous, unreasonable, groundless, or vexatious.

In short, Plaintiff argues that he should not be penalized for exercising his right to bring suit in order to seek redress for Defendants' violating his First Amendment rights. Accordingly, Plaintiff asks the Court to deny Defendants' motion for attorneys' fees.

## II. LEGAL STANDARD

Title 42 U.S.C. § 1988 gives district courts the discretion to require losing parties to pay the attorney's fees of the prevailing parties as part of the costs of the suit. Specifically, § 1988(b) provides, in relevant part, that "[i]n any action or proceeding to enforce a provision of section[ ] ... 1983 ... of this title, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs...." *Id.*

The United States Supreme Court has explained that the criteria for awarding attorney's fees to a prevailing defendant under § 1988 differs from that for awarding attorney's fees to a prevailing plaintiff. *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 417–22, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978). While the prevailing plaintiff should ordinarily recover attorney's fees unless special circumstances

would render such an award unjust, the prevailing defendant may recover such fees only if the action was brought in subjective bad faith or was frivolous, unreasonable, or without foundation. *Id.*

Moreover, the United States Court of Appeals for the Seventh Circuit has held that

Defendants are not required to show either subjective or objective bad faith on the part of the plaintiff in order to recover § 1988 attorneys' fees. *Hamer v. County of Lake,* 819 F.2d 1362, 1366 (7th Cir.1987) (citation omitted). Instead, the defendant must demonstrate that the plaintiff's action is "meritless in the sense that it is groundless or without foundation." *Hughes v. Rowe,* 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163. "[W]hen a civil rights suit is lacking in any legal or factual basis . . ., an award of fees to the defendant is clearly appropriate to deter frivolous filings and to ensure that the ability of the courts to remedy civil rights violations is not restricted by dockets crowded with baseless litigation." *Coates v. Bechtel,* 811 F.2d 1045, 1050 (7th Cir.1987) (citation omitted)

*Munson v. Milwaukee Bd. of Sch. Directors,* 969 F.2d 266, 269 (7th Cir.1992). Finally,

[i]n seeking to determine whether a suit is frivolous, unreasonable or groundless, courts have focused on several factors. Among those considered are whether the issue is one of first impression requiring judicial resolution, *Christiansburg,* 434 U.S. at 423–24, 98 S.Ct. at 701; whether the controversy is sufficiently based upon a real threat of injury to the plaintiff, *Olitsky,* 597 F.2d at 305; whether the trial court has made a finding that the suit was frivolous under the *Christiansburg* guidelines, and whether the record would support such a finding,

*see, e.g., Vorbeck v. Whaley,* 620 F.2d 191, 193 (8th Cir.1980).

*Reichenberger v. Pritchard,* 660 F.2d 280, 288 (7th Cir.1981); *see Tarkowski v. Lake County,* 775 F.2d 173, 176 (7th Cir.1985)(holding that "[a] suit is frivolous if it has no reasonable basis, whether in fact or in law.").

■ District courts also possess the authority to require an attorney to pay their opponent's attorney's fees under certain circumstances. *See Schmitt v. Schmitt,* 2002 WL 109359, * 7 n. 18 (N.D.Ill. Jan.28, 2002)(noting that "[s]ection 1988(b) authorizes courts to assess fees only against parties, not their attorneys."). Title 28 U.S.C. § 1927 provides: "Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." *Id.*

As one court has noted:

Liability under § 1927 is justified only in those limited situations when an attorney's conduct is marked by either subjective or objective bad faith. *Pacific Dunlop Holdings v. Barosh,* 22 F.3d 113, 120 (7th Cir.1994). Hence, the Seventh Circuit has concluded that such sanctions are appropriate (1) in "instances of a serious and studied disregard for the orderly processes of justice," *Ross v. City of Waukegan,* 5 F.3d 1084, 1089 n. 6 (7th Cir.1993), (2) when an attorney "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound," *Kapco Mfg. Co., Inc. v. C & O Enters., Inc.,* 886 F.2d 1485, 1491 (7th Cir.1989) (citation omitted), and/or (3) "where a 'claim [is] without a plausible legal or

factual basis and lacking in justification.'" *Burda v. M. Ecker Co.*, 2 F.3d 769, 777 (7th Cir.1993) (citations omitted).

*Aspacher v. Rosenthal Collins Group*, 2001 WL 930785, * 3 (N.D.Ill. Aug.15, 2001); *see In re TCI Ltd.*, 769 F.2d 441, 445 (7th Cir.1985) (holding that "[i]f a lawyer pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound, the conduct is objectively unreasonable and vexatious."). Therefore, in order to award attorney's fees under § 1927, an attorney's actions must generally be "so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d Cir.1986).

## III. ANALYSIS

In the instant case, the Court denies Defendants' request for an award of their attorneys' fees under both 42 U.S.C. § 1988 and 28 U.S.C. § 1927.

### A. *LACK OF EVIDENCE*

 Defendants are correct that, in its Opinion allowing their motion for summary judgment, the Court found that Plaintiff had wholly failed to tender any evidentiary support for his § 1983 claim. *See Coffey*, 218 F.Supp.2d at 1004. Defendants are also correct that "[s]peculation alone is insufficient to support a lawsuit." *Munson*, 969 F.2d at 270.

However, Plaintiff did, at least, have a personal belief that he was the subject of political discrimination, and he offered deposition testimony to this effect. In addition, Plaintiff offered the deposition testimony of Dan Sexton, the Logan Correctional Center's Assistant Warden of Operations, who testified that he served on interview teams in 1999 for the Logan Correctional Center and that two war-

dens instructed him not to grade the interviews until "Springfield" let the warden know who was to get the job.

Although the Court found Sexton's testimony to be inadmissible, *Coffey*, 218 F.Supp.2d at 1005 n. 10, and although the Court found that Plaintiff's conclusory belief that he was discriminated against was insufficient to defeat Defendants' motion for summary judgment, *see Mills v. First Fed. Sav. & Loan Ass'n*, 83 F.3d 833, 843 (7 th Cir.1996) (holding that while it is true that a non-moving party's own affidavit or deposition can constitute affirmative evidence to defeat a summary judgment motion, conclusory statements in the plaintiff's affidavit or deposition do not create issues of fact), the Court does believe that this evidence is sufficient to remove this case from being considered unreasonable, frivolous, brought in bad faith, or without legal or factual foundation.

The problem with Plaintiff's case, in the Court's view, was not that he had failed to present circumstantial evidence that those with political connections obtained the vacant stationary engineer positions and those without political connections did not. Rather, the problem was that Plaintiff wholly failed to present any direct or circumstantial evidence of a nexus between politics and his failure to be hired as a stationary engineer. *Id.* at 1004.

Nevertheless, the Court does not believe that this is a case which can be classified as being wholly groundless. Thus, the Court will not exercise its discretion to award attorneys' fees to Defendants pursuant to 42 U.S.C. § 1988.

 Likewise, the Court will not impose the costs of Defendants' attorneys' fees upon Plaintiff's counsel pursuant to 28 U.S.C. § 1927. Defendants have offered nothing to the Court which would justify a finding that Plaintiff's counsel brought this

case in either subjective or objective bad faith. Presumably, Plaintiff's counsel relied upon Plaintiff's representations as to what he believed the true reason for his failure to obtain one of the vacant stationary engineer positions was, and she dutifully began to zealously represent her client in this matter. Although the Court ultimately found that Plaintiff's claim lacked an evidentiary basis, Plaintiff's counsel continues to disagree with this finding, and the Court cannot say that the lack of an evidentiary basis for this suit is so clear that Plaintiff must have litigated this case for some improper purpose. Accordingly, the Court declines Defendants' request for an award of attorneys' fees, pursuant to both § 1988 and § 1927, based upon the Court's finding of a lack of evidentiary support for Plaintiff's claim.

### B. *WRONG LEGAL TEST*

■ While it is true that parties are generally bound by the decisions made by their attorneys, *Diersen v. Chicago Car Exchange,* 110 F.3d 481, 489 n. 8 (7th Cir.1997), the Court highly doubts that Plaintiff had any input whatsoever in formulating that part of his response to Defendants' motion for summary judgment which dealt with the correct legal test governing his claim. Because attorney's fees awarded pursuant to § 1988 are taxed directly against the client, the Court is loath to award Defendants' motion for their attorneys' fees pursuant to § 1988. Although the *McDonnell Douglas* test as applied in the First Amendment context may be legally baseless, a First Amendment claim based upon *Rutan* is not. Therefore, the Court will not award Defendants their attorney's fees, pursuant to 42 U.S.C. § 1988, based upon Plaintiff's invo-

cation of the *McDonnell Douglas* test rather than the *Mt. Healthy* test as the one to be employed by the Court in resolving his claim.

■ Furthermore, the Court will not award Defendants their attorneys' fees, pursuant to 28 U.S.C. § 1927, based upon Plaintiff's counsel's reliance upon the *McDonnell Douglas* test either. Contrary to Plaintiff's assertion otherwise, whether circumstantial evidence may be used to create a genuine issue of material fact as to whether a defendant's proffered reason for not awarding a plaintiff an employment position is not an issue of first impression. In fact, the Court specifically noted in its previous Opinion that a plaintiff may employ circumstantial evidence to defeat a motion for summary judgment. *Coffey,* 218 F.Supp.2d at 1004.

"However, the circumstantial evidence must do more than simply 'raise some eyebrows'; it must be sufficient to raise a jury question about the role of the political factors." *Wilkie v. Obourn,* 2002 WL 338401, * 7 (S.D.Ill. Jan.7, 2002), *citing Tarpley v. Jeffers,* 96 F.3d 921, 930 (7th Cir.1996). Plaintiff's circumstantial evidence failed to meet this liberal standard. *Coffey,* 218 F.Supp.2d at 1004.

Moreover, as the Court noted in its previous Opinion, Plaintiff's claim is clearly governed by the *Mt Healthy* standard, not *McDonnell Douglas. Id.* at 1002. Although counsel made a feeble argument in responding to Defendants' motion for attorneys' fees that there should be a change in the law,[1] the Court is not persuaded by her argument given the long line of cases in the Seventh Circuit holding that "[w]hatever may be the case under labor and civil rights statutes, *Mt. Healthy* es-

---

1. Counsel made no such argument in responding to Defendants' motion for summary judgment. *Coffey,* 218 F.Supp.2d at 1002.

tablishes the approach for litigation under the first amendment." *Gooden v. Neal,* 17 F:3d 925, 928 (7th Cir.1994).

Nevertheless, the Court cannot say that Plaintiff's counsel's reliance upon the *wrong* legal test was vexatious or marked by bad faith. It is true that other counsel may, after appropriate inquiry, have found reliance upon *McDonnell Douglas* to be unsound. However, Plaintiff's counsel's employment of the wrong legal standard did little to multiply the proceedings, increase Defendants' attorneys' fees, or prejudice Defendants.[2]

In addition, had Defendants believed Plaintiff's reliance upon the *McDonnell Douglas* test to be so egregious as to warrant some sort of sanction, they could have moved for sanctions pursuant to Federal Rule of Civil Procedure 11 after Plaintiff filed his response to their motion for summary judgment. They did not, and accordingly, the Court declines Defendants' request for an award of attorneys' fees, pursuant to both § 1988 and § 1927, based upon Plaintiff's assertion that the *McDonnell Douglas* test rather than the *Mt. Healthy* test governs his claim.

## C. PATTERN OF QUESTIONABLE RUTAN CLAIMS

■ Finally, the Court does not believe it to be appropriate to impose Defendants' attorneys' fees upon Plaintiff as part of their costs of suit merely because his counsel has engaged in a pattern of filing questionable *Rutan* claims against the State of Illinois. As far as the Court is aware, Plaintiff has not previously filed any *Rutan* or other civil rights suits against the State in any federal court, nor has he been a serial litigant (frivolous or otherwise) in any state court. Thus, awarding Defen-

dants their attorneys' fees, pursuant to 42 U.S.C. § 1988, would not deter frivolous filings or do anything to alleviate the courts' crowded dockets. If anything, an award of Defendants' attorneys' fees imposed against Plaintiff may chill a future meritorious plaintiff from pursuing his civil rights action for fear of having to pay his opponent's attorney's fees should he ultimately be unsuccessful.

Whether Defendants are entitled to their attorneys' fees pursuant to 28 U.S.C. § 1927, however, is a closer question.

■ As Defendants note, since 1993, Plaintiff's counsel has filed at least ten *Rutan* law suits (including the instant suit) against the State of Illinois in the United States District Courts for the Central and Southern Districts of Illinois. One of those suits was brought against the Illinois Department of Mental Health and Developmental Disabilities; one was brought against the Illinois Environmental Protection Agency; two were brought against the Illinois Department of Public Aid; and the remaining suits were brought against the Illinois Department of Corrections. These cases were heard by United States District Judges Gilbert (four cases), McDade (one case), Beatty (one case), Scott (one case), and this Court (three cases). The law firm of Jenner and Block represented at least one of the defendants in each of these ten cases. Finally, in each case, the district court entered summary judgment against the plaintiffs and in the defendants' favor as to all counts alleged in the complaints.

More important than the number or outcome of the cases, however, is the pattern noted by the Court in its previous Opinion. *Coffey,* 218 F.Supp.2d at 1001. Specifically, in this case, in *Winkelman v. Magne,*

---

**2.** In fact, Plaintiff's counsel's reliance upon *McDonnell Douglas* doomed this case and, therefore, benefitted Defendants because

Plaintiff was litigating his case under the wrong legal framework.

173 F.Supp.2d 821 (C.D.Ill.2001), and in *Wilkie,* Plaintiff's counsel litigated the cases to the summary judgment stage without finding a trace of evidence during the discovery process of a causal connection between the plaintiffs' political associations or activities (or lack thereof) and the defendants' hiring decisions. *Coffey,* 218 F.Supp.2d at 1004, *quoting Wilkie,* 2002 WL 338401 at * 5. In addition, as noted *supra,* in this case (*Id.* at 1002), in *Winkelman* (173 F.Supp.2d at 825), in *Wilkie* (2002 WL 338401 at *5), and in *Deheve v. Price,* 189 F.Supp.2d 830, 834 n. 5 (C.D.Ill.2002), Plaintiff's counsel advanced the *McDonnell Douglas* test as the one applicable to *Rutan* claims despite the clear authority from the Seventh Circuit holding that *Mt. Healthy* is the appropriate test.

The Court is puzzled and somewhat troubled by this pattern established by Plaintiff's counsel—an honorable member of this bar who has, in the past, prevailed for her clients by advancing novel legal issues. In fact (as she has repeatedly reminded the Court), Plaintiff's counsel was counsel for the plaintiff in *Rutan v. Republican Party of Illinois,* 497 U.S. 62, 110 S.Ct. 2729, 111 L.Ed.2d 52 (1990), *i.e.,* the seminal case which formed the basis for Plaintiff's claim in this case.

However, cobbling and bootstrapping together unrelated inferences and innuendos and labeling it "circumstantial evidence", citing the magic case *"Rutan"*, and applying a legal test which is inapposite are insufficient grounds to defeat a motion for summary judgment, and a reasonable jury could not rely upon these factors in order to find in a plaintiff's favor. Counsel as experienced as Plaintiff's should know this.

But does this pattern rise to the level of sanctionable conduct under 28 U.S.C. § 1927? The Court is unwilling to make such a finding *this* time.

In declining Defendant's request for attorneys' fees, the Court makes three observations. *First,* as far as the Court is aware, neither the law firm of Jenner and Block nor any other defendant or defense counsel have ever asked a district court to impose attorneys' fees against Plaintiff's counsel pursuant to § 1927 for her unreasonable or vexatious conduct. Thus, this case is the first case to chronicle Plaintiff's counsel's record of bringing questionable *Rutan* claims against the State of Illinois. *Second,* the Court notes that Plaintiff and his counsel have filed a notice of appeal with the Seventh Circuit challenging the Court's ruling on Defendants' motion for summary judgment. Perhaps on appeal, the Seventh Circuit will reiterate to Plaintiff's counsel what the appropriate and applicable legal test in this case is and will re-instruct her as to the relevance of the proffered "circumstantial evidence" in this case.

*Third,* the Court is hopeful that, after reading this and the Court's other Opinion in this case, Plaintiff's counsel will take a more studied approach to future cases which she files on behalf of would-be plaintiffs. The Court is also hopeful that, in the future, Plaintiff's counsel will be more open to the idea of voluntarily dismissing suits when it becomes clear during the discovery process that there is no evidence of discrimination to be found.

Although the Court is cognizant and even sympathetic to the time and expense which defendants like the instant ones—and ultimately the taxpayers—must shoulder when they are sued in their official capacities, the Court is also aware that being subjected to law suits is part of their official duties and, in some cases, is a necessary check against unlawful employment decisions. In short, the Court is unwilling to find that Plaintiff's counsel acted in subjective or objective bad faith,

for some improper purpose, or vexatiously in the above-captioned case. Thus, the Court declines Defendants' request for an award of attorneys' fees, pursuant to both § 1988 and § 1927, based upon Plaintiff's counsel's pattern of filing questionable *Rutan* claims against the State of Illinois.

*Ergo,* Defendant's Motion for Attorney's Fees is DENIED.